

Dated: December 19 2019

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  19-33646 |
| | ) | |
| Tracey P. Weber, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### MEMORANDUM DECISION AND ORDER RE: DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

This case came before the court for hearing on November 26, 2019 on Debtor Tracey P. Weber's Motion to Extend Automatic Stay Under 11 U.S.C. §362(c)(3)(B) ("Motion"). [Doc. #7]. Debtor's Motion seeks an extension of the automatic stay in this case based upon the fact that she had a prior Chapter 7 case pending within one year of the filing of her Chapter 13 case.  Her concern is that unless an extension is granted, the automatic stay will expire 30 days from the date of filing under 11 U.S.C. §362(c)(3)(A).   However, the expiration of the stay after 30 days is only triggered under §362(c)(3)(A) if a prior case was both pending within one year of filing *and* was dismissed.   Accordingly, the court finds that no order extending the automatic stay is required in this case.   Section 362(c)(3)(A) does not apply where a prior case was completed, rather than dismissed.   Therefore, the court will deny Debtor's Motion as moot.

Debtor filed for Chapter 7 relief on February 27, 2019 [Case No. 19-30488, Doc. #1], and

received her discharge on June 27, 2019 [*Id.*, Doc. #10]. The case was closed by final decree on July 2, 2019. [*Id.*, Doc. #12]. Several months later, the above captioned Chapter 13 case was filed on November 11, 2019 [Doc. #1], and a Motion to extend the automatic stay was filed by her attorney on November 15, 2019. [Doc. #7]. At the November 26th hearing, Debtor's counsel presented arguments in support of the Motion to extend the automatic stay, and the court took the matter under advisement.

At issue in this case is a narrow question: does having a prior bankruptcy case that was pending within one year trigger the 30-day expiration of the automatic stay under §362(c)(3)(A) in a newly filed case, even if the prior case was completed instead of dismissed? Upon review of the statute's plain language and the relevant caselaw, the court concludes that it does not.

Section 362(c)(3) and its three subsections describe the circumstances under which the automatic stay terminates 30 days after an individual files a second successive bankruptcy case under chapters 7, 11, or 13. Section 362(c)(3) itself describes the conditions that trigger the 30 day expiration of the stay provided for in §362(c)(3)(A). Specifically, §362(c)(3) states:

> [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)-

And §362(c)(3)(A) provides:

> [T]he stay under [§362(a)] with respect to any action taken with respect to a debt or property securing such debt or with resepct to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

Thus, §362(c)(3) and (c)(3)(A) contemplate that the automatic stay invoked by a second successive filing will terminate 30 days after said filing where the debtor had a prior chapter 7, 11, or 13 case: 1) that was pending within one year and 2) was dismissed (other than under Section 707(b)). In other words, "[s]ection 362(c)(3) limits the duration of the automatic stay in a case filed by a debtor who has had a prior case dismissed within the year." 3 Collier on Bankruptcy, ¶362.06[3] (16th Ed. 2019).

Section 362(c)(3) has two other subsections. Section 362(c)(3)(B) outlines the procedure for requesting a continuation of the automatic stay where §362(c)(3)(A)'s 30-day stay expiration provision is applicable, and §362(c)(3)(C) provides the criteria for when a "not in good faith" presumption attaches. For purposes of statutory comparison, the court notes that

§362(c)(3)(C)(i)(I) states that "a case is presumptively filed not in good faith…as to all creditors, if more than 1 previous case under any of chapters 7, 11, 13, in which the individual was a debtor was pending within the preceding 1-year period." Accordingly, unlike the 30-day stay expiration set forth in §362(c)(3) and (c)(3)(A), §362(c)(3)(C)(i)(I) does not require that a prior case have been dismissed as a prerequisite for its attendant consequences. So long as more than one chapter 7, 11, or 13 case was pending within the year before filing, the newly filed case is presumed to have been filed "not in good faith" under §362(c)(3)(C)(i)(I).[1]

In light of §362(c)(3)'s statutory framework, a court faced with a potential 30-day stay expiration issue must first ask whether §362(c)(3)(A)'s 30-day stay expiration provision has been triggered. Only after answering yes to that question should the court then ask whether the case at hand is presumed to have been filed "not in good faith."

Numerous courts have held that §362(c)(3)'s 30-day stay expiration provision only applies when the prior case was both pending within one year of the present filing *and* was dismissed. *See*, *In re Lovelace*, 2007 WL 187733 at *1, 2007 Bankr. LEXIS 119 at *2 (Bankr. W.D. Mo. January 16, 2007)("By its terms, §362(c)(3)(B) is only applicable if the case which was pending during the 1-year period prior to the filing of the current case was dismissed."); *In re Chaudhry*, 411 B.R. 282, 283 (Bankr. E.D. Va. 2009)(holding that §362(c)(3)'s 30-day stay expiration does not apply where "the debtor's prior case was closed after having been fully administered, not dismissed."); *In re Forletta*, 397 B.R. 242, 244 (Bankr. E.D.N.Y. 2008)(agreeing that "[s]ection 362(c)(3) simply does not apply where a chapter 7 debtor receives a discharge and then later files for a chapter 13 case."); *see also*, Keith M. Lundin, LUNDIN ON CHAPTER 13, § 60.1, at ¶5, LundinOnChapter13.com (last visited December 13, 2019)("The 30-day stay termination in § 362(c)(3) only applies when a prior case was both 'pending' and 'dismissed' during the year preceding the petition. A Chapter 7 case in which the debtor received a discharge might be a case 'pending' within a year, but because it was not dismissed, it does not count for § 362(c)(3) purposes.").

Given §362(c)(3)'s unambiguous, albeit grammatically awkward, "was pending within the

---

1/ For clarity's sake, the court notes that, because Debtor had only one previous case that was pending within the year of filing the present case, not "*more* than 1 *previous* case . . . pending within the previous 1-year period," §362(c)(3)(C)(i)(I)'s "not in good faith" presumption is not at issue here. (emphasis added). *See e.g.*, *In re Pence*, 469 B.R. 643, 646 (Bankr. W.D. Va. 2012)("Debtor had only one other petition pending within the year preceding her December 16, 2011 petition. This eliminates § 362(c)(3)(C)(i)(I) as a criteria for bad faith.").

preceding 1-year period but was dismissed" language, conditioning the 30-day expiration of the automatic stay on the dismissal of the prior case makes interpretive sense. After all, "[i]t is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004)(quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)(further quotations omitted)). Here, the meaning of §362(c)(3)'s "but was dismissed" term is plain, and conditioning the 30-day expiration of the automatic stay in a successive case on the dismissal of the prior case pending within one year is not absurd.

A look towards the language used both in 362(c)(3)'s other subsections and its statutory neighbors bolsters the conclusion that Congress intended to require that a prior case have been "dismissed" when it drafted §362(c)(3)'s 30-day stay expiration provision. *See*, *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101, 132 S.Ct. 1350, 1357, 182 L.Ed.2d 341 (2012)("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."). For example, §362(c)(3) includes the "but was dismissed" term, but §362(c)(3)(C)(i)(I) does not. Had Congress intended to condition the 30-day stay expiration merely on the pendency of a prior case within one year, it could have left out the "but was dismissed" phrase as it did in §362(c)(3)(C)(i)(I). Additionally, §362(c)(4) and its subsections make specific reference to the dismissal of prior cases in a manner that closely tracks with §362(c)(3),[2] further suggesting that Congress acted deliberately when it included a dismissal requirement in some portions of §362 and not others.

Because the statute's language is plain and the result is not absurd, the court finds that §362(c)(3)(A)'s 30-day stay expiration provision is not applicable to the case at bar because Debtor's prior chapter 7 case, while pending within one year of the filing of the instant chapter 13 case, was completed instead of dismissed. [Case No. 19-30488, Doc. ##10, 12]. Thus, Debtor does not need to seek a continuation of the automatic stay under 362(c)(3)(B) because to do so would be pointless as the stay will continue as a matter of law.

**THEREFORE**, for the reasons stated above,

---

2/ *See*, *In re Skoglund*, 2014 WL 1089865 at *1 n.3, 2014 Bankr. LEXIS 1172 at *4 n.3 (Bankr. W.D. Mich. March 19, 2014)(noting that §362(c)(4) only applies where both prior cases pending within one year of the present filing were dismissed).

4

**IT IS ORDERED** that Debtor Tracey P. Weber's Motion to Extend Automatic Stay Under 11 U.S.C. §362(c)(3)(B) be, and hereby is, **DENIED AS MOOT**. The automatic stay in Case Number 19-33646 will not expire on December 11, 2019, but will continue pursuant to 11 U.S.C. §362(c)(1) and (2). This Memorandum Decision and Order does not affect subsequent case developments that may alter or modify the automatic stay in this case.